————o————

No. 5795.

## EDWARD A. PARSONS vs. IRON WAREHOUSE, INCORPORATED.

### Syllabus.

*R. C. C.*, 2786, contemplates that the written notice required to put an end to a monthly lease should fix with certainty the date of its termination.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 99,512, Hon. Porter Parker, Judge.

W. S. Parkerson, for plaintiff and appellee.

L. R. Hoover, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opin- and decree of the Court, as follows:

The undisputed facts are that the defendant was a tenant of plaintiff under a lease from month to month, beginiing October 1st; that on October 7th, defendant notified plaintiff in writing that it would "vacate the premises as soon as possible;" that defendant continued to occupy the premises during October and November, and finally on November 30th vacated the property and notified plaintiff to that effect.

Plaintiff sued and recovered judgment below for the rent of October, November and December; and the defendant, on this appeal, complains of this judgment only insofar as it is condemned therein for the rent for the month of December.

The judgment is unquestionably correct. The notice given on October 7th that the property would be "vacated as soon as possible," is not such as is required to put an end to a monthly lease under R. C. C., 2686, which clearly contemplates that the notice shall fix with certainty the date upon which it is intended that the lease shall terminate. No efficient notice of termination was given until defendant actually vacated on November 30th, and this was not in sufficient season to avert liability for the December rent.

It is accordingly ordered that judgment be affirmed.

Judgment affirmed.

Opinion and decree May 5, 1913.

Rehearing refused June 2, 1913.